# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3815

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Harold Stevenson Barbee, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: November 24, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 1997 Harold Barbee was convicted of conspiracy to distribute crack cocaine and sentenced to life and 5 years supervised release; the sentence was later reduced to 119 months. Barbee now appeals the revocation of his supervised release by the district court[1], arguing the United States produced insufficient evidence to prove he violated the terms of his supervised release by attempting to sell and distribute cocaine in violation of Title 21 U.S.C. §§ 841, 843(b) and 846. The court's findings were based on testimony by two Drug Enforcement Agency agents and Barbee's parole

_____

[1] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

officer. Barbee argues the evidence offered by the government does not prove he actually intended to sell or distribute cocaine.

The government provided evidence of the surveillance of Barbee, telephone conversations between him and a confidential informant, and a meeting with Barbee to set up the drug sale. Barbee argues the testimony does not demonstrate he attempted to sell and distribute cocaine because he never mentioned the word "cocaine" in his conversations and the government therefore failed to prove by a preponderance of the evidence he violated the terms of his supervised release. See 18 U.S.C. § 3583(e) (3) (permitting revocation of supervised release if court finds by preponderance of evidence that defendant violated condition of supervised release). Since drug dealers are rarely explicit about their activity, evidence is admissible from trained law enforcement agents to interpret the meaning of the words exchanged. United States v. Placensia, 352 F.3d 1157, 1164 (8th Cir. 2003) ("officers may testify as experts concerning the modus operandi of drug dealers as such activities are not something which most jurors would be familiar."). We conclude that the government presented sufficient evidence that Barbee violated the terms of his supervised release by arranging to sell cocaine and that the district court did not abuse its discretion by revoking his supervised release.

Accordingly, the judgment of the district court is affirmed.

_____